**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| James E. Chamblin, | ) |
| Petitioner, | ) Case No. 1:15-CV-545 |
| vs. | ) |
| Warden, Chillecothe Correctional Institution, | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner James E. Chamblin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 3), Respondent's motion to dismiss the petition (Doc. No. 12), Magistrate Judge Bowman's Report and Recommendation of June 24, 2016 (Doc. No. 20), recommending that Respondent's motion to dismiss be granted, and Petitioner's objections to the Report and Recommendation (Doc. No. 23). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Respondent's motion to dismiss is well-taken and is **GRANTED.** Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

Petitioner is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction serving an aggregate term of 22 years of imprisonment following his 2010 convictions on one count of attempted rape and three counts of gross sexual imposition. The victims of the offenses were Petitioner's minor children, J.C. and K.C. Grounds One through Four of Petitioner's habeas petition present claims of error related to his trial and

1

direct appeal: 1) the evidence was insufficient to sustain his convictions; 2) ineffective assistance of trial counsel; 3) sentencing error by the trial court; 4) ineffective assistance of appellate counsel. Grounds Five through Eight of the petition assert claims of error related to the Petitioner's state post-conviction relief proceedings: 5) actual innocence; 6) ineffective assistance of counsel; 7) alleged bias of the presiding judge; and 8) the state trial and appellate courts erred in denying his claims for post-conviction relief.

In her thorough report, Magistrate Judge Bowman concluded that Petitioner's first four claims are barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1) for filing for habeas relief. Construing the complex procedural history of the case extremely favorably to Petitioner, Judge Bowman concluded that the one-year statute of limitations on Grounds One through Four expired in May 2015, about three months before Petitioner filed his petition. Judge Bowman also concluded that Petitioner is not entitled to equitable tolling of the statute of limitations. Finally, Judge Bowman determined that Petitioner is not entitled to relief from the procedural bar under the "actual innocence" exception. In support of his claim of actual innocence, Petitioner submitted affidavits from J.C. and K.C. in which they recant their trial testimony that Petitioner molested them. J.C. and K.C. now claim that they lied during the trial in order to escape from Petitioner's abusive live-in girlfriend. Judge Bowman, however, concluded that these affidavits are neither new, because the fact that the children made inconsistent statements about whether Petitioner had abused them was explored during trial, nor reliable, because according to prior case law, affidavits in which witnesses recant their trial testimony are inherently suspicious.

Judge Bowman then determined that Grounds Five through Eight fail to present

2

claims that are cognizable in § 2254 proceedings. Judge Bowman noted that free-standing actual innocence claims are not cognizable under § 2254 in non-capital cases, nor are claims of procedural errors in state post-conviction relief proceedings. Additionally, Judge Bowman concluded that Petitioner had failed to show that the state court erred in the post-conviction relief proceedings when it found that the issue of the victims' inconsistent statements had been extensively explored at trial and that their subsequent recantation of their trial testimony would not create a strong probability of a different result at trial.

Judge Bowman, therefore, recommended granting Respondent's motion to dismiss Petitioner's habeas petition. Judge Bowman also recommended denying Petitioner a certificate of appealability and leave to appeal in forma pauperis.

Petitioner filed timely objections to Magistrate Judge Bowman's report. While Petitioner argues at length that he is actually innocent of the offenses of convictions based on the new affidavits of his children, he never really addresses Judge Bowman's conclusion that the affidavits are inherently suspicious and, therefore, are insufficient to overcome the procedural bar to consideration of Grounds One through Four on the merits. Similarly, Petitioner never comes to grips with Judge Bowman's determination that Grounds Five through Eight are not cognizable in § 2254 proceedings.

The Court has reviewed Magistrate Judge Bowman's Report and Recommendation de novo pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and concludes that it is correct in all respects. There is nothing the Court can add to her comprehensive analysis of Petitioner's claims. Issuing another detailed opinion would be a waste of judicial resources.

**IT IS THEREFORE ORDERED:**

1. Petitioner's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.**

2. The Court **ADOPTS** the Report and Recommendation.

3. Respondent's motion to dismiss is well-taken and is **GRANTED**.

4. Petitioner's habeas petition is **DISMISSED WITH PREJUDICE.**

5. A certificate of appealability will not issue with respect to this order as to Grounds One through Four because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. See also 28 U.S.C.A. § 2253(c); Fed. R. App. P.22(b).

6. A certificate of appealability will not issue with respect to this order as to Grounds Five through Eight because Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

7. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal this order in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Date August 25, 2016                         s/Sandra S. Beckwith
                                                            Sandra S. Beckwith
                                    Senior United States District Judge